# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIANG YONG CHEN,<br>　　　　Petitioner,<br>vs.<br>MICHAEL MUKASEY, et al.,<br>　　　　Respondents. | Case No. SACV 08-1151-TJH (JWJ)<br><br>**MEMORANDUM AND ORDER** |

On October 15, 2008, petitioner Xiang Yong Chen filed in this Court a "Petition For Writ Of Habeas Corpus By A Person In Federal Custody under 28 U.S.C. § 2241" (hereinafter "Petition"), wherein petitioner contends that he is being unlawfully detained by the Immigration and Customs Enforcement ("ICE"). (Petition, pp. 1-2.) On December 5, 2008, respondents filed "Respondents' Notice of Release of Alien From Immigration Detention" (hereinafter "Notice"), stating on or about December 4, 2008, petitioner was released from detention. (Notice, p. 2.) Respondents argue that petitioner's release from custody renders the current Petition moot and requests that the Petition be dismissed for lack of jurisdiction. (Id. at 2.) In support of their request for dismissal, respondents' submit an attachment indicating that petitioner was released from custody.

1  The case or controversy requirement of Article III of the federal
2  Constitution deprives the court of jurisdiction to hear moot cases. <u>Iron Arrow</u>
3  <u>Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70, 104 S. Ct. 373, 78 L. Ed. 2d 58
4  (1983); <u>NAACP Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352
5  (9th Cir. 1984). A case becomes moot if the "issues presented are no longer
6  'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy</u>
7  <u>v. Hunt</u>, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1984). The
8  Court does not have power to decide a case that does not affect the rights of
9  litigants in the case before it. <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472,
10 477-78, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990); <u>Defunis v. Odegaard</u>, 416
11 U.S. 312, 316, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974); <u>Mitchell v. Dupnik</u>,
12 75 F.3d 517, 527-28 (9th Cir. 1996). In other words, a petitioner must have
13 suffered an actual injury that is traceable to the respondent and can be
14 redressed by a favorable decision. <u>Spencer v. Kemna</u>, 523 U.S. 1, 118 S. Ct.
15 978, 983, 140 L. Ed. 2d 43 (1998); <u>NAACP v. Western Region</u>, 743 F.2d at
16 1353.
17 Here, petitioner requested release from physical custody. (Petition, pp.
18 1-2.) Since petitioner has been released from custody, there is no further relief
19 this Court can provide. <u>Picrin-Person v. Rison</u>, 930 F.2d 773, 775-76 (9th Cir.
20 1991). Accordingly, this case is moot.
21 The mootness rule is subject to a "capable of repetition yet evading
22 review" exception. See <u>Nebraska Press Assn. v. Stuart</u>, 427 U.S. 539, 546, 96
23 S. Ct. 2791, 49 L. Ed. 2d 683 (1976); <u>GTE California Inc. v. Federal</u>
24 <u>Communications Comm'n</u>, 39 F.3d 940, 945 (1994). The exception is met
25 when: (1) the "duration of the challenged conduct is too brief ever to be fully
26 litigated prior to its cessation;" and (2) there is a reasonable probability that
27 the petitioner will again be subject to the challenged activity. <u>Mitchell</u>, 75
28 F.3d at 528; <u>GTE California</u>, 39 F.3d at 945.

While petitioner's confinement is capable of repetition, there is no reason why petitioner cannot again file a habeas corpus petition concerning the alleged violation of his liberty interest. Moreover, this Court cannot now determine if future confinement of petitioner will violate his constitutional rights. Any fear that the Immigration and Customs Enforcement Service may take action against petitioner in the future does not create a case or controversy because such a case is not ripe for adjudication. See <u>Associated Gen. Contractors v. Coalition for Econ. Equity</u>, 950 F.2d 1401, 1406 (9th Cir.).

## ORDER

For all of the foregoing reasons, **IT IS HEREBY ORDERED** that petitioner's habeas corpus petition is **dismissed as moot.**

**IT IS SO ORDERED.**

DATED: 5/4/09

_____
TERRY J. HATTER, JR.
United States District Judge

Presented by:
DATED: April 28, 2009

_____
JEFFREY W. JOHNSON
United States Magistrate Judge

- 3 -